UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Tammy Cook Todd, | ) | Case No. B-11-10024 |
| | ) | |
| Debtor. | ) | |
| ――――――――――――――― | ) | |
| | ) | |
| Efrom Michael Todd, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 11-2011 |
| | ) | |
| Capital One Bank (USA) N.A., | ) | |
| Candica, LLC, and Tammy Cook | ) | |
| Todd, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION AND ORDER

This case came before the court on July 26, 2011, for hearing on the Motion of Capital One Bank (USA), N.A. to Dismiss the Complaint (the "Motion") filed by Defendant Capital One Bank (USA), N.A., on July 11, 2011.  John H. Boddie appeared on behalf of the above-referenced Plaintiff, Efrom Michael Todd.  J. Marshall Shelton appeared on behalf of the above-referenced debtor, Tammy Cook Todd.  Tara L. Elgie appeared on behalf of Capital One Bank.

BACKGROUND

On May 9, 2011, Efrom Todd, the debtor's ex-husband, filed the complaint in this adversary proceeding.  Mr. Todd alleges that while they were married, he and the debtor were jointly liable on a Capital One credit card.  He alleges that pursuant to a

separation agreement, which was later incorporated into a divorce judgment, the debtor was ordered not to incur debt in the name of the ex-husband, and to hold the ex-husband harmless from any such debt or obligation.

Mr. Todd alleges that he paid the debt owed to Capital One in full, and closed the credit card account. He alleges that thereafter, the debtor re-opened the account without Mr. Todd's knowledge, and incurred $22,543.66 in debt on the account.

The complaint asserts four claims. First, Mr. Todd seeks declaratory judgment that he is not liable to Capital One for the debtor's use of the credit card. Second, he asserts a claim for unfair trade practices against Capital One, in the event that Capital One seeks to hold him liable for the debtor's use of the credit card. Third, he asserts a claim for fraud against the debtor, in the event that Capital One seeks to hold him liable for the debtor's use of the credit card. Fourth, he asserts a claim for attorney's fees and damages for contempt, due to the debtor's willful and malicious violation of the divorce judgment.

In the Motion, Capital One argues that there is no subject matter jurisdiction over the claims asserted against it.

ANALYSIS

A district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Clearly,

the claims against Capital One do not arise under title 11, nor do they arise in a case under title 11. Therefore, this court will only have subject matter jurisdiction over the claims against Capital One if the claims relate to a case under title 11.

If "the outcome of [a] proceeding could conceivably have any effect on the estate being administered in bankruptcy," then "related to" jurisdiction will exist. Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995); see also New Horizon of NY, LLC v. Jacobs, 231 F.3d 143, 151 (4th Cir. 1996). This test was originally set forth by the Third Circuit in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984).

This broad standard brings a wide range of proceedings within the purview of bankruptcy courts. Jurisdiction exists "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Celotex, 514 U.S. at 308 n.6 (quoting Pacor, 743 F.2d at 994); see also New Horizon, 231 F.3d at 151. Under this standard, "even a proceeding which portends a mere contingent or tangential effect on a debtor's estate may meet the broad jurisdictional test." Kossman v. TJX Companies, Inc., 136 B.R. 640, 641 (W.D. Pa. 1991). The Sixth Circuit added a caveat to the Pacor test, stating that "situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement." In

re Salem Mortgage Co., 783 F.2d 626 (6th Cir. 1986).  The Fourth
Circuit has quoted this language favorably.  In re Johnson, 960
F.2d 396, 403 (4th Cir. 1992); see also In re Walker, 198 B.R. 476
(Bankr. E.D. Va. 1996) (finding a connection to the estate too
tenuous for related to jurisdiction).

    "Related to" jurisdiction can exist even when the litigation
is between non-debtor third parties.  In Celotex, the bankruptcy
court enjoined a creditor from executing on a surety bond.  As
collateral for the bond, the debtor had allowed the insurance
company to retain money it owed to the debtor.  The Supreme Court
found that "[p]roceedings 'related to' the bankruptcy include. . .
suits between third parties which have an effect on the bankruptcy
estate."  Celotex, 514 U.S. at 308 n.5 (citing 1 Collier on
Bankruptcy ¶ 3.01[1][c][iv], p. 3-28 (15th ed. 1994)).  It stated
that the proceeding did not directly involve the debtor, "[b]ut to
induce [the insurance company] to serve as surety on the bond, [the
debtor] agreed to allow [the insurance company] to retain the
proceeds of a settlement."  Id. at 309.  It noted that the
bankruptcy court found that allowing the creditor "to execute
immediately on the bonds would have a direct and substantial
adverse effect on [the debtor's] ability to undergo a successful
reorganization."  Id.  Therefore, the Court held there was "related
to" jurisdiction.  Id.

    In this proceeding, unlike the situation in Celotex, there is

- 4 -

no conceivable effect on the estate or the debtor's ability to reorganize no matter the outcome of the claims against Capital One. Whether or not Mr. Todd can be held liable, Capital One's claim against the Debtor is not changed and the Debtor's ability to reorganize is not altered. If Mr. Todd establishes that he is not liable on the debt, then Capital One's claim against the Debtor will remain intact and unchanged. Similarly, if he does not prevail, Capital One's claim against the Debtor still will be intact and unchanged. In the latter case, Capital One would be free to seek recovery from Mr. Todd. While a recovery from Mr. Todd might reduce the amount of Capital One's claim, this would not have any effect on the administration of the estate because Mr. Todd would have a reimbursement claim equal to any amount he paid to Capital One, with the result that the aggregate amount of the claims against the estate would not be altered. Since the outcome of the claims against Capital One could not conceivably have any effect on the administration of the Debtor's estate, there is no related to jurisdiction with respect to such claims.

It is, therefore, ORDERED, ADJUDGED AND DECREED that the Motion is granted, and all claims against Capital One are dismissed for lack of subject matter jurisdiction.

This 10th day of August, 2011.

William L. Stocks

WILLIAM L. STOCKS
United States Bankruptcy Judge

- 5 -

PARTIES IN INTEREST


John H. Boddie, Esq.
2302 W. Meadowview Road, Suite 124
Greensboro, NC 27407

J. Marshall Shelton, Esq.
P.O. Box 3324
Greensboro, NC 27402

Anita Jo Troxler, Trustee